IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-97-0013-01 |
| | § | |
| JOHN LOCKETT | § | |

**MEMORANDUM AND ORDER**

The defendant, John Lockett, has filed a motion to modify his sentence under 18 U.S.C. § 3582(b)(2)(B) and Rule 35 of the Federal Rules of Criminal Procedure. (Doc. # 134). After considering all of the pleadings in this criminal case, the procedural history, and the applicable law, the Court denies the motion for reasons set forth briefly below.

**I.   BACKGROUND**

In 1997, a federal grand jury returned a three-count indictment against Lockett and others, charging him with conspiracy to possess with intent to distribute cocaine and cocaine base, as well as aiding and abetting the possession of cocaine and cocaine base. A jury found Lockett guilty as charged and this Court sentenced him to life imprisonment. The United States Court of Appeals for the Fifth Circuit rejected Lockett's direct appeal as without merit in an unpublished decision. *See United States v. Lockett*, No. 97-20843 (5th Cir. Aug. 18, 1998).

In 1999, Lockett filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, complaining that he had been denied effective assistance of counsel,

among other things. Following an evidentiary hearing, the Court granted Lockett's motion, in part, and reduced his sentence of imprisonment on count two of the indictment from life to 360 months' imprisonment. The Court denied all of Lockett's remaining claims and the Fifth Circuit denied Lockett's request for a certificate of appealability from that decision. *See United States v. Lockett*, No. 00-20420 (5th Cir. Feb. 23, 2001).

In 2004, Lockett filed a second motion for relief from his sentence under 28 U.S.C. § 2255. In that motion, Lockett attempted to lodge additional claims of ineffective assistance of counsel against his trial attorney. The Court denied that motion as an unauthorized successive writ. *See United States v. Lockett*, Civil Action No. H-04-3641. Lockett did not appeal or otherwise obtain authorization from the Fifth Circuit to file a successive § 2255 motion.

Lockett now seeks relief from his sentence under 18 U.S.C. § 3582(b)(2)(B) and Rule 35 of the Federal Rules of Criminal Procedure. He complains that his sentence was based on fact findings made by the Court rather than the jury in violation of the Sixth Amendment to the United States Constitution and the holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). Lockett's motion, which clearly constitutes a successive attempt to challenge his underlying conviction and sentence under 28 U.S.C. § 2255, must be denied for reasons that follow.

## II.   DISCUSSION

Lockett, whose judgment became final in 1998, invokes 18 U.S.C. § 3582(b)(2)(B) and Rule 35 of the Federal Rules of Criminal Procedure as authority for modifying his sentence at this late date. Once a criminal judgment has become final, a sentence of imprisonment may be "corrected" under 18 U.S.C. § 3582(b)(2)(B), if appropriate, pursuant to Rule 35. Rule 35(a) allows the sentencing court to correct a sentence within 7 days after sentencing where an error has resulted from an "arithmetical, technical, or other clear error." Alternatively, the government may file a motion to reduce a defendant's sentence under Rule 35(b)(1)(A), if the defendant has provided "substantial assistance in investigating or prosecuting another person." Lockett fails to show that any of these circumstances apply and he further fails to demonstrate that he is entitled to any relief under Rule 35 or 18 U.S.C. § 3582(b)(2)(B). Rather, his pending motion to modify the sentence is a transparent attempt to challenge his underlying conviction and sentence by circumventing the prohibition against successive writs found in 28 U.S.C. § 2255.

As explained to Lockett previously, a second or successive motion under § 2255 must be certified, pursuant to the federal habeas corpus statutes codified at 28 U.S.C. § 2244, by a panel of the appropriate court of appeals to meet one of the following criteria:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. The purpose of this provision is "to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). The pending motion plainly meets the "second or successive" criteria. Lockett has failed to present the requisite authorization. Because Lockett has not shown any authorization from the Fifth Circuit, his motion must be denied for lack of jurisdiction.

Alternatively, it is well established that *Apprendi* is not retroactive to defendants such as Lockett, whose convictions became final before that case was decided. *See United States v. Brown*, 305 F.3d 304, 310 (5th Cir. 2002), *cert. denied*, 538 U.S. 1007 (2003). Likewise, the *Blakely / Booker* line of cases relied upon by Lockett do not apply retroactively to cases on collateral review. *See United States v. Edwards*, 442 F.3d 258 (5th Cir. 2006) (citing *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005); *In re Elwood*, 408 F.3d 211, 212-13 (5th Cir. 2005)), *cert. denied*, — U.S. —, 127 S. Ct. 11 (2006). Accordingly, Lockett is not entitled to the relief that he seeks.

### III.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendant's motion to modify his sentence (Doc. # 134) is **DENIED** for lack of jurisdiction as an unauthorized successive motion under 28 U.S.C. § 2255. Alternatively, the motion (Doc. # 134) is **DENIED** because Lockett is not entitled to relief.

2.       The defendant has filed two motions for a determination of the status of his pending motion to modify and a motion for a hearing. Those motions (Docs. # 136, # 137, and # 138) are **DENIED** as **MOOT**.

3.       To the extent that one is needed, a certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on April 16, 2007.

*[signature]*

Nancy F. Atlas
United States District Judge