IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-97-0013-01 |
| | § | |
| JOHN LOCKETT | § | |

## MEMORANDUM AND ORDER

The defendant, John Lockett, has filed a motion to dismiss the indictment in this case for lack of jurisdiction. (Doc. # 161). He has included a memorandum of law in support of his motion. (Doc. # 162). The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the motion is dismissed for reasons set forth below as an unauthorized, successive writ application.

**I.   BACKGROUND**

On January 27, 1997, a federal grand jury returned a three-count indictment against Lockett, among others, charging him with conspiracy to possess with intent to distribute cocaine and cocaine base, as well as aiding and abetting the possession of cocaine and cocaine base. (Doc. # 1). After a jury found Lockett guilty as charged of all three counts alleged in the indictment, the Court sentenced him to life imprisonment. (Doc. # 83). The United States Court of Appeals for the Fifth Circuit rejected Lockett's direct appeal as without merit in an unpublished decision. *See United States v. Lockett*, No. 97-20843 (5th Cir. Aug. 18, 1998).

Subsequently, Lockett filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on August 17, 1999. In that motion, Lockett raised several claims of ineffective assistance of counsel. Following an evidentiary hearing, this Court granted Lockett's motion, in part, and reduced his sentence of imprisonment on count two of the indictment from life to 360 months' imprisonment. (Doc. # 120). The Court denied all of Lockett's remaining claims. The Fifth Circuit refused Lockett's request for a certificate of appealability from that decision. *See United States v. Lockett*, No. 00-20420 (5th Cir. Feb. 23, 2001).

On September 16, 2004, Lockett filed a second motion for relief from his sentence under 28 U.S.C. § 2255. In that motion, Lockett attempted to lodge additional claims of ineffective assistance of counsel against his trial attorney. This Court dismissed the motion for lack of jurisdiction, pursuant to 28 U.S.C. § 2244(b), after finding that the motion was an unauthorized, successive request for relief under § 2255. (Doc. # 132).

Thereafter, Lockett filed a motion to modify his sentence under 18 U.S.C. § 3582(b)(2)(B) and Rule 35 of the Federal Rules of Criminal Procedure. In that motion, Lockett argued that his sentence was based on fact findings made by the Court rather than the jury in violation of the Sixth Amendment to the United States Constitution and the holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). Because the motion constituted another unauthorized, successive attempt to challenge Lockett's conviction and sentence under 28 U.S.C. § 2255, this Court dismissed the motion for lack of jurisdiction.

Alternatively, the Court noted that Lockett was not entitled to relief because none of the cases that he relied upon were retroactive to cases on collateral review. *See United States v. Edwards*, 442 F.3d 258 (5th Cir. 2006) (citing *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005); *In re Elwood*, 408 F.3d 211, 212-13 (5th Cir. 2005)). The Fifth Circuit agreed and denied Lockett's request for a certificate of appealability from that decision. (Doc. # 155).

Recently, on October 8, 2008, this Court denied Lockett's motion for relief from his sentence under 18 U.S.C. § 3582(c)(2), which requested a reduction under recent amendments to the United States Sentencing Guidelines. (Doc. # 159). He did not file a notice of appeal from that decision.

## II.     DISCUSSION

Lockett now seeks relief from his conviction and sentence by arguing that this Court "lacked jurisdiction over the exact geographical location where the alleged criminal activity mentioned in the indictment was alleged to have taken place." Lockett reasons that the United States Congress has not proven ownership over the fifty states, including the "Republic of Texas," where the alleged crimes occurred. Lockett argues further that no valid Act of Congress vests the United States District Courts with criminal jurisdiction. Lockett insists, therefore, that his indictment must be dismissed.

Because Lockett's motion challenges the validity of his conviction, it is governed by 28 U.S.C. § 2255. Because Lockett has made more than one previous attempt to obtain relief under § 2255, the Court must determine whether his request qualifies as a successive attempt

to obtain such relief. The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The claims referenced in the pending petition could have and should have been presented previously. Thus, the pending motion meets the second-or-successive criteria.

A second or successive motion under § 2255 must be certified, pursuant to the federal habeas corpus statutes codified at 28 U.S.C. § 2244, by a panel of the appropriate court of appeals to meet one of the following criteria:

> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). The purpose of this provision is "to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Lockett has failed to present the requisite authorization. Because Lockett has not shown any authorization from the Fifth Circuit, his motion is subject to dismissal for that reason.

## III.    CERTIFICATE OF APPEALABILITY

The defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253.  Thus, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

5

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons stated above, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim, or whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Lockett has filed a successive petition without authorization. As a result, the Court **ORDERS** as follows:

1.   The defendant's motion to dismiss the indictment (Doc. # 161) is **DISMISSED** without prejudice as an unauthorized successive petition.

2.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on January 13, 2009.

_____
Nancy F. Atlas
United States District Judge